Our case of Alabama Power Co. v. Aldridge, 854 So.2d 554
(Ala. 2002), identifies some of the circumstances that tend to prove that a plaintiff "was fired solely because of his [or her] workers' compensation claim," 854 So.2d at 564:
 "`Proximity in time between the claim and the firing is a typical beginning-point, coupled with evidence of satisfactory work performance and supervisory evaluations. Any evidence of an actual pattern of retaliatory conduct is, of course, very persuasive.' . . .
". . . .
 "Texas considers the following factors as circumstantial evidence of a causal relation between the filing of a workers' compensation claim and an employee's discharge:
 "`1) knowledge of the compensation claim by those making the decision on termination, 2) expression of a negative attitude toward the employee's injured condition, 3) failure to adhere to established company policy, 4) discriminatory treatment in comparison to similarly situated employees, 5) sudden changes in an employee's work *Page 986 
performance evaluations following a workers' compensation claim, and 6) evidence that the stated reason for the discharge was false.'"
854 So.2d at 564-65. While the Texas statute may not require that the filing of the workers' compensation claim be the sole
proximate cause of the termination, the "but-for" test of the Texas statute, Aldridge, 854 So.2d at 564, does require that the filing be at least one of the proximate causes of the termination. Thus, Texas law for proving this particular proximate cause is appropriately adopted by Alabama for the same purpose.
In the case now before us, the evidence is undisputed that the plaintiff McCollum lost part of a finger in an on-the-job accident while she was employed by Tyson, that she filed a workers' compensation claim for the injury, and that Tyson paid workers' compensation to her pursuant to the claim. The record contains substantial evidence that Tyson treated the plaintiff well before her on-the-job injury and oppressively after her return to work following her injury and her workers' compensation claim. The record also contains substantial evidence that Tyson did not treat employees who had not suffered injuries and filed workers' compensation claims as badly.
The record contains substantial, albeit disputed, evidence that, one day some 20 months after the plaintiff filed her workers' compensation claim, David Smith, acting within line and scope of his employment with Tyson as its processing superintendent, terminated the plaintiff's employment with Tyson on the ground that she went home early because she was sick.[18] The record contains substantial evidence that such a termination violated company policy and that Tyson did not terminate other employees on the same ground.
The claim by Tyson that the plaintiff's employment ended solely because she voluntarily quit is disputed by the plaintiff's substantial evidence to the contrary. Tyson offers no other cause or reason for the termination.
Tyson admits that, at the time the plaintiff's employment ended, David Smith knew she had suffered the on-the-job injury. Because factory workers who are injured on the job rarely do not claim workers' compensation, Smith's position as processing superintendent with authority to terminate employees, together with his knowledge of the plaintiff's on-the-job injury, supports a reasonable inference that Smith knew or deduced that the plaintiff had filed a workers' compensation claim.
All of this evidence constitutes a prima facie case that Tyson, in contravention of § 25-5-11.1, Ala. Code 1975, terminated the plaintiff solely because she had claimed workers' compensation.Alabama Power Co. v. Aldridge, supra. Thus, I respectfully dissent from the conclusion, and from the rationale for the conclusion, that the plaintiff "McCollum failed to establish a prima facie case of retaliatory discharge under . . . §25-5-11.1, [Ala. Code 1975,] and the trial court erred in denying Tyson's postjudgment motion for a judgment as a matter of law."881 So.2d at 985.
LYONS, J., concurs.
[18] The plaintiff's proof of this essential element of her claim under § 25-5-11.1, Ala. Code 1975, is not eliminated by the evidence that Tyson, through its employee Jerry Phillips, tried to rehire the plaintiff after her termination. *Page 987